DOMENGEAUX, Judge.
The defendant, Arthur L. Ryan, was apprehended by a Ville Platte police officer for traveling the wrong way on a one-way street. Thereafter he was taken to the police station and requested to submit to a PEI test. Defendant refused to take the test and exhibited hostile behavior towards the police officers on duty. This resulted in the defendant being charged with the crime of simple assault, along with charges of operating a vehicle while intoxicated, improper lane usage, and operating a vehicle with a suspended license. The defendant pled not guilty to all charges and the matter proceeded to trial. The trial court found the defendant guilty of operating a vehicle under a suspended license and of improper lane usage, but found the defendant not guilty of the simple assault and OWI charges. For the driving under a suspended license conviction, defendant was sentenced to pay a $500.00 fine and serve six months in jail, plus $25.00 court costs, with suspension of the jail sentence upon the payment of the fine. In addition he was ordered to remove the license plates from the automobile he was driving and surrender it to the State Police. For the improper lane usage conviction, the defendant was sentenced to pay a fine of $60.00 plus $25.00 court costs, or to serve thirty days in jail.
From these convictions defendant has perfected this appeal contending that the trial court made the following errors: (1) the fines and costs exceed the jurisdictional amount; and (2) the automobile’s license plate cannot legally be removed.
FINES AND COSTS EXCEEDING JURISDICTIONAL AMOUNT
The statutory authority which grants a City Court subject matter jurisdiction over criminal proceedings is La.R.S. 13:1894. The statute provides that:
“[T]he criminal jurisdiction of city courts is limited to the trial of offenses committed within their respective territorial jurisdictions which are not punishable by imprisonment at hard labor, including the trial of cases involving the violation of any city or parochial ordinance.
City judges may also require bonds to keep the peace; issue warrants of arrest; examine, commit, and admit to bail and discharge; and hold preliminary examinations in all cases not capital.”
Thus a City Court has proper subject matter jurisdiction over any criminal ease which involves an offense committed within its territorial jurisdiction and which may not be punishable by imprisonment at hard labor. Neither of the crimes for which the defendant was convicted, namely La.R.S. 32:79 and La.R.S. 32:415,[1] provides for a *556 possible sentence of imprisonment at hard labor. Thus, the trial court had proper subject matter jurisdiction without regard to any jurisdictional amount.[2]
It should be noted however that the $25.00 imposed as court cost on each conviction herein exceeded what is statutorily authorized. The authority of a city court to assess costs is found in La.R.S. 13:1899. The statute provides:
“A. Except as otherwise provided by law, in all criminal matters, including traffic violation cases, in addition to the fine or other penalty which may be legally imposed against every defendant who •is convicted after trial or after a plea of guilty or who forfeits his bond, the judge may assess costs of court in an amount not to exceed ten dollars.
[[Image here]]
C. In all criminal matters, the city judge shall assess, in addition to the foregoing costs, a sum not less than five dollars and not to exceed ten dollars as additional costs of court, the proceeds from which may be deposited in a special account, separate and distinct from the account provided for in R.S. 13:1899(B), which account shall be in the name of and under the control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal’s or constable’s offices, for maintenance and improvement of jail facilities, or for purchase of law enforcement equipment, and all as may be proved by said marshal or constable. The city judges of any and all parishes and the mayor’s court in the town of Many in Sabine Parish shall be authorized to assess such sum in accordance with this Section. The provisions of this Subsection shall not apply to the City Court of Plaquemine. The additional costs provided for in this Subsection shall not exceed thirty dollars in the City Court of Houma.”
Thus under Part A of this statute a city court judge may impose a $10.00 cost and under Part C of the statute an additional $10.00 may be assessed. Further, La.R.S. 32:393 requires “every court” to keep a report of every case in which a person is charged with a law or regulation established for controlling the operation of motor vehicles. Upon final disposition of the case, parking convictions excepted, an abstract of the report is to be sent to the Department of Public Safety. La.R.S. 32:393(F) authorizes the court preparing the abstract to collect 50 cents to cover its cost.[3]
Thus in this case the city court judge has authority to assess at most $20.50 per conviction.
REMOVAL OF THE LICENSE PLATE
The vehicle the defendant was driving at the time of the arrest was registered in his wife’s name. Defendant contends that the trial court erred in ordering the license plate to be taken from this automobile. We agree.
*557 As set out infra, the penalty provisions of the two crimes of which the defendant was convicted provide for a penalty of a fine and/or imprisonment. These statutes do not provide for sentences which include the removal of automobile license plates.
While we find no error in the sentences insofar as fines and/or imprisonment are concerned, it is not within the judge’s discretion to order license plates removed under the facts that existed and the procedures that were employed in this case.
For the above and foregoing reasons, the defendant’s conviction for driving under a suspended license and improper lane usage are affirmed, but the sentences are vacated and set aside, and the case is remanded to the City Court with instructions to the trial judge to impose sentences and costs not inconsistent with the views expressed herein.
CONVICTIONS AFFIRMED, BUT REMANDED FOR RESENTENCING.

. The penalty provisions of the crimes of which defendant was convicted are La.R.S. 32:57 and La.R.S. 32:427.
La.R.S. 32:57 (improper lane usage) states:
“Violations of the provisions of this Chapter and regulations of the department, secretary, and commissioner made pursuant thereto shall, unless otherwise specifically provided, *556 be punished by a fine of not more than one hundred dollars, or by imprisonment for not more than thirty days, or both. A subsequent violation shall be punished by a fine of not more than five hundred dollars, or by imprisonment for not more than ninety days, or both.
If the violator is other than an individual, imprisonment shall be dispensed with a double fine imposed.”
La.R.S. 32:427 (driving under suspended license) states:
“Whoever violates a provision of this Chapter shall be fined not less than ten dollars, nor more than five hundred dollars or imprisoned not more than six months, or both."

. Attorney for appellant has erroneously attempted to inculcate in this criminal case the jurisdictional amount issue applicable in civil cases.

. La.R.S. 32:393(F) was amended in the 1983 Legislative session to increase the costs which may be assessed from 50 cents to $2.00 in parishes having populations of less than five hundred thousand. But the effective date of this amendment is August 30, 1983, and this case was tried on April 7, 1983.